ORDERED.

Dated:  April 17, 2019

_____
Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re | ) |
| | ) |
| CHERYL KUTTENKULER BEECE, | ) Case No. 6:17-bk-02724-KSJ |
| | ) Chapter 7 |
| Debtor. | ) |
| | ) |
| CHERYL KUTTENKULER BEECE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Adversary No. 6:17-ap-00086-KSJ |
| | ) |
| AES/BRAZOSUS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION – STUDENT LOANS ARE NOT DISCHARGED**

Plaintiff and Debtor, Cheryl Beece, seeks a hardship discharge of her student loans held by the Department of Education and Education Credit Management Corporation ("ECMC") (collectively, the "Defendants").[1] Debtor owes about $192,000[2] and claims repayment would

---

[1] Doc. No. 22 (the "Amended Complaint"). All Doc. No. citations refer to pleadings filed in Adversary Proceeding 6:17-ap-00086-KSJ unless otherwise noted.

[2] Doc. No. 32, Exh. C at 4-6; Doc. No. 33, Exh. 1.

cause her an undue hardship. After considering the evidence[3] and the positions of the interested parties, the Court finds the Debtor does not qualify for an undue hardship and the student loans are not discharged in this Chapter 7 bankruptcy case.

### *Brunner* Test

Section 523(a)(8) of the Bankruptcy Code[4] excepts qualified educational loans from discharge "unless excepting such debt from discharge. . .would impose an undue hardship on the debtor and debtor's dependents."[5] Absent showing undue hardship, qualifying loans taken out by an obligor for the educational benefit of others are not dischargeable.[6] The parties opposing a debtor's request to discharge a student loan debt have the initial burden to prove the debt is an educational loan that would qualify as non-dischargeable under § 523(a)(8).[7] The Eleventh Circuit has adopted the three-part *Brunner* test to determine whether a debtor has the undue hardship to discharge student loan debt.[8] A debtor will not receive a discharge if he or she cannot prove all three elements of the *Brunner* test.[9]

Under the **first prong** of the *Brunner* test, a debtor must demonstrate he or she cannot maintain a minimal standard of living based on income and expenses if forced to repay the student loans.[10] Courts may consider the particular aspects of a debtor's circumstances like all sources of income, expenses, and opportunities for debt restructuring.[11] Courts also note a debtor need not

---

[3] A trial was held on March 5, 2019.
[4] All references to the Bankruptcy Code refer to 11 U.S.C. §§ 101 *et. seq*.
[5] 11 U.S.C. § 523(a)(8) (2017).
[6] *Salter v. Educ. Res. Inst. (In re Salter)*, 207 B.R. 272, 275 (Bankr. M.D. Fla. 1997).
[7] *Hemar Ins. Corp. of Am. v. Cox (In re Cox)*, 338 F.3d 1238, 1241-43 (11th Cir. 2003); *Matthews-Hamad v. Educ. Credit Mgmt. Corp. (In re Matthews-Hamad)*, 377 B.R. 415, 420 (Bankr. M.D. Fla. 2007).
[8] *See Brunner v. New York State Higher Educational Services Corp.*, 831 F.2d 395 (2d Cir. 1987); *In re Cox*, 338 F.3d at 1241.
[9] *Russotto v. Educ. Credit Mgmt. Corp. (In re Russotto)*, 370 B.R. 853, 856 (Bankr. S.D. Fla. 2007); *Southard v. Educ. Credit Mgmt. Corp.* (*In re Southard*), 337 B.R. 416, 420 (Bankr. M.D. Fla. 2006).
[10] *In re Cox,* 338 F.3d at 1242.
[11] *In re Matthews-Hamad*, 377 B.R. at 421.

live in poverty but may not necessarily maintain his or her previous standard of living.[12] "[Debtors] are not entitled to maintain whatever standard of living [he or] she has previously attained, nor the level [he or] she would maintain if required to repay the debt. 'Minimal does not mean preexisting, and it does not mean comfortable."[13] Modest and reasonable expenses exemplify a minimal standard of living.[14] A debtor must show a good faith effort to earn adequate income to pay reasonable expenses and student loans.[15] This prong is fact intensive and is rarely susceptible to resolution by summary judgment.

Under the **second prong** of the *Brunner* test, which is also fact intensive, a debtor must demonstrate that "additional circumstances exist indicating that [debtor's] state of affairs is likely to persist for a significant portion of the repayment period."[16] Courts consider the analysis of additional circumstances as the most essential portion of the *Brunner* test.[17] Debtors must show a "certainty of hopelessness" not just the debtor's current "inability to fulfill [a] financial commitment."[18] A debtor must show that circumstances out of his or her control created the complete inability to pay future debts.[19]

Under the **third prong** of the *Brunner* test, a debtor must demonstrate he or she made a good faith effort to repay the student loans.[20] Although not determinative, an important factor

---

[12] *Id*. (citing *Stanley v. Educ. Credit Mgmt. Corp. (In re Stanley)*, 300 B.R. 813, 818 (N. D. Fla. 2003)).
[13] *In re Stanley,* 300 B.R. at 817-18.
[14] *Id*.
[15] *Brosnan v. Am. Educ. Serv. (In re Brosnan)*, 323 B.R. 533, 538 (Bankr. M.D. Fla. 2005) (citing *Perkins v. PHEAA (In re Perkins)*, 318 B.R. 300, 305 (Bankr. M.D.N.C. 2004)).
[16] *In re Cox*, 338 F.3d at 1241; *See also In re Matthews-Hamad*, 377 B.R. at 422; *See generally Brunner*, 831 F.2d at 396.
[17] *In re Matthews-Hamad*, 377 B.R. 415 (citing *Educ. Credit Mgmt. Corp. v. Frushour (In re Frushour)*, 433 F.3d 393, 401 (4th Cir. 2005)).
[18] *Douglas v. Educ. Credit Mgmt. Corp. (In re Douglas)*, 366 B.R. 241, 256 (Bankr. M.D. Ga. 2007) (quoting *Educ. Credit Mgmt. Corp. v. Carter (In re Carter)*, 279 B.R. 872, 877 (M.D. Ga. 2002)).
[19] *Mallinckrodt v. Chem. Bank (In re Mallinckrodt)*, 274 B.R. 560, 566 (S.D. Fla. 2002) (quoting *Brightful v. PHEAA (In re Brightful)*, 267 F.3d 324 (2001)).
[20] *In re Matthews-Hamad*, 377 B.R. at 396 (citing *Brunner*, 831 F.2d at 396).

courts must evaluate in determining good faith is whether a debtor attempted to negotiate a less burdensome repayment plan.[21]

## Partial Summary Judgment

The Court previously granted partial summary judgment for the Defendants finding they met their burden of proving the amount owed by the Debtor and that their loans are qualified education loans protected from discharge.[22] Summary judgment also was granted on these undisputed facts:

Debtor is a highly educated sixty-five-year-old woman who earned a bachelor's degree from an Ivy League college and advanced degrees in Master of Science in Animal Immunogenetics, business administration ("MBA"), and law ("JD").[23] She passed the bar in three states[24] and worked as a legal research clerk for a Connecticut trial court from 2006 to 2007 and as an associate attorney for a litigation firm from April 2006 through August 2009.[25] Debtor now is working part-time as a cashier with Publix and occasionally as a substitute teacher in Manatee and Volusia Counties.[26]

Debtor required minor surgery to correct a herniated disc in her back,[27] but other than a temporary loss of income after her surgery, the Court found that her medical issues would not persist for any significant portion of her loan repayment period. (Debtor testified at trial the surgery was successfully completed.) Debtor's argument she was unlikely to secure more gainful

---

[21] *In re Brosnan*, 3213 B.R. at 539; *In re Matthews-Hamad*, 377 B.R. at 423 (citing *In re Frushour*, 433 F.3d at 402); *Educ. Credit Mgmt. Corp. v. Mosley* (*In re Mosley*), 494 F.3d 1320, 1327 (11th Cir. 2007)).
[22] Doc. No. 51, entered on November 16, 2018. As of June 2018, Debtor owed the Department of Education $138,912.89. *See* Doc. No. 32, Exh. C at 4. As of March 2018, Debtor owed ECMC $53,923.08. *See* Doc. No. 33, Exh. "1" at 2.
[23] Doc. No. 32, Exh. A at 8, 15-16; Exh. B at 8-9.
[24] *Id.* at 17.
[25] Doc. No. 42, p. 3.
[26] Doc. No. 32.
[27] *Id.* at 22-23.

employment because of her age was rejected.[28] Debtor obtained her MBA four years prior to bankruptcy when she was 61 years old and her only evidence of "discrimination" was an article taken from the Internet.[29]

Summary judgment, however, was denied on undue hardship. The Court could not assess whether the Debtor's expenses were unreasonable *as a matter of law* without further testimony and evidence.

### **Debtor Has No Undue Hardship**

A trial was held on March 5, 2019. None of the evidence offered by the Debtor was enough to justify a discharge for undue hardship. The Eleventh Circuit has stated that proving undue hardship is a high bar to surmount.[30] A debtor must show more than a simple "garden variety" of hardship for a court to grant a discharge.[31]

Debtor failed to meet the first prong of the *Brunner* test because she could not demonstrate an inability to maintain a minimal standard of living based on her income and expenses if she had to repay her loans. Debtor's total income for 2018 was $35,127.47.[32] Her expenses for 2018 totaled $35,393. In 2019, Debtor anticipates that her 2019 income will be $28,848 and her expenses $32,892.[33]

Defendants correctly argue and rightfully were frustrated that the Debtor's expense calculations substantially varied between time the complaint was filed, the Motion for Summary Judgment, and trial.[34] However, the Debtor is similar to all of us. Monthly expenses vary from

---

[28] Doc. No. 41, p. 6; Doc. No. 43, Exh. QQ at 14.
[29] *Id.*
[30] *In re Cox*, 338 F.3d. at 1238.
[31] *In re Brosnan*, 323 B.R. at 533, 538.
[32] Debtor's Exh. 2.
[33] *Id.*
[34] *Compare* Debtor's Exh. 2, *with* ECMC's Exh. 5 and Doc. No. 33, Exh. 2 at 1. *See also* Doc. No. 69 (Audio from trial held on March 5, 2019).

week to week and month to month. The important fact is that her expense estimate for 2018 and 2019 are similar—$32-34,000 per year, which is roughly what she earns.

Debtor admittedly lives a modest life. Yet, she still has financial expenses, which if abated or reduced, would cover her student loan payments of approximately $188 per month ($2,256/ year) under an estimated consolidated loan agreement.[35] Debtor's total 2018 expenses, for example, included $590.65 in gifts, $230.66 in Amazon Prime and Redbox, $658.49 in pet maintenance, $200.52 towards life insurance for an independent daughter employed as a certified CPA, $91 for AAA membership, and $484.64 for Internet.[36] These expenses combined total $2,255.96, and are roughly equal to the amount she must pay her student loans.

Debtor also has failed to prove she has maximized her income. She has three advanced professional degrees, one earned as recently as 2013. Debtor failed to convince the Court she cannot use her three advanced degrees to become more gainfully employed. By working harder or at a more lucrative job, Debtor more easily could afford to pay her student loans. Debtor has failed to establish that she cannot maintain a minimal standard of living if required to pay her student loans.

Debtor also does not meet the second prong of the *Brunner* test, which requires a showing that her position is likely to persist for a significant portion of the repayment period. She did not prove that her financial circumstances are prospectively hopeless because, since 2015, she has not tried to find a better job despite her three advanced degrees and her years of professional experience as a lawyer.[37] When the Debtor worked at a law firm, for example, clients were billed

---

[35] *See* Doc. No. 69 (Audio from trial held on March 5, 2019). Debtor's repayment options include the Income Repayment Plan of $187.65/ month.

[36] Debtor no longer pays $177/month in legal fees for her bankruptcy case or $200.52/year in life insurance for her independent daughter. Debtor changed her projections many times but in the last version, she was able to slightly reduce other expenses—$600 for pet maintenance (down from $$658.49), and $300 for gifts (down from $590.65).

[37] *See* Doc. No. 69 (Audio from trial held on March 5, 2019).

$300/hour for her services, and she billed clients between $125 - $150/ hour when she started her law firm.[38] Debtor has the education and experience to earn more than a part-time cashier and occasional substitute teacher.

Debtor last does not meet the third prong of the *Brunner* test, which requires that debtors make a good faith effort to repay their loans. Debtor received an inheritance of approximately $48,138.12, in September 2014, and failed to use this money to pay her student loans, outside of making her regular monthly payments.[39] Instead, she wrote a $3,000 check to her thirty-five year old son and used $5,000 to buy a car for her independent daughter.[40] She had the means to substantially reduce her outstanding student loans, but chose not to pursue this option.

Debtor also has failed to explore loan repayment options. Debtor testified she will pursue a consolidated loan repayment plan *only* if the hardship discharge is not granted.[41] The Court acknowledges her financial situation is tight, but, with the bankruptcy discharge wiping out her prior debt, the Debtor can earn enough money to maintain a comfortable lifestyle and repay her student loans.

Debtor has met none of the three prongs of the Brunner test. She can pay minimal living expenses and pay her student loans. She has the education, experience, and health to continue to make these payments for the foreseeable future. And, rather than using her inheritance to pay her student loans, she used the funds on her adult children. Debtor has established no undue hardship under § 523(a)(8) of the Bankruptcy Code. Her student loans are not discharged. A separate Final Judgment for the Defendants and against the Debtor Plaintiff shall simultaneously enter.

---

[38] United States' Exh. 13.
[39] Debtor's Exh. 21.
[40] *Id.*
[41] *Id. See also Wieckiewicz v. Educ. Credit Mgmt. Corp.*, 443 F. App'x 449, 451 (11th Cir. 2011) (eligibility under a repayment program plays a substantially role in whether the debtor can show undue hardship under *Brunner*).

###

The Clerk is directed to serve a copy of this order on all interested parties.